Whyte, J.
delivered the opinion of the court.
The pleadings and evidence in this cause exhibit a case of gross fraud, practised by the defendant upon the complainant, so plain that it cannot he misunderstood. Any repetition of these facts, or further reference to them, would be a matter of supererrogation. But it is argued for the defendant, Newsom, that the act of the complainant, Cherry, on the 26th of June, 1824, in giving his note for the balance due for the work, &c. of the defendant in erecting the mill, and in pursuance of the agreement between them, purged the transactions set forth upon the record, and confirmed the liability of the complainant, and removed the objection founded on the alleged fraud and its legal consequences, upon the ground that the complainant was well acquainted with the facts at the time he gave his note, which, it is argued, amounted to a confirmation. This is not altogether correct. The party whose voidable contract is charged to be confirmed by his act or acts subsequent, must not only be shown to have a knowledge of the facts constituting the impeachable transaction, but he must be shown to have also a knowl *371 edge of, and be aware that the act he is doing is to hayo the effect of confirming the transaction, or it will not have the operation contended for. Thus the law is laid down by Lord Chancellor Redesdale, in delivering the judgment of the court, in the case of Maury vs Palmer, 2 Sch. and Lefroy, 486. He says, “now I take it, that nothing will amount to-the confirmation of a fraudulent transaction, but an act done by' the party after he has become fully aware -of the fraud that has been practised. I do not mean to say that the party should he aware of all the circumstances of the transaction, but he must be aware that the act he is doing is to have the effect of confirming an impeachable transaction, otherwise the act amounts to nothing as a confirmation.” To the same effect is Lord Chancellor Manners, (1 Ball and Beatty, 340;) he says, “equity will not relieve a party fully apprised of his rights, deliberately confirming former acts.” The record in this case not showing that the plaintiff, Cherry, knew that he could exonerate himself in law from making the payment, in consequence of the fraud practised upon him, and that he was discharged from all liability, but that to bind him, he must be fully apprised of his right to resist payment, ihe act of giving the promissory note does not amount to a confirmation of the agreement, from a compliance with which he was absolved by the fraud. The decree of the circuit court must therefore be affirmed, so far as it decides the rights of the parties, and decrees a perpetual injunction against the defendant, Newsom. But that part of it which decrees against Newsom and his securities, that they refund the amount collected by Newsom upon the judgment obtained when the injunction was dissolved, and that execution issue as at law, against Newsom and his securities in the refunding bond, and costs, must be reversed, the legislature having otherwise disposed of the jurisdiction in such case, by the act of 1817, ch. *372 199 sec. 2; which enacts, "that it shall and may be lawful for the judges of the supreme court, to exercise jurisdiction and grant judgments, on all bonds or recognizances that may be taken by the clerks of said court, or may have been taken in said court, or in any circuit court, and removed to said court, either for the prosecution of suits, or bonds executed agreeable to any order of said court, or of any judge granting an injunction, or bonds of any kind, which by law are directed to be taken or executed by any party, or parties, in the progress, of any cause, and deposited in said court; and such process of scire facias may in all cases be issued, as is proper in similar cases in a court of law; and if any defendant or defendants, shall appear and plead to such scire facias, and an issue should be joined, it may be lawful for such court to order a jury to be forthwith summoned for the finding said issue, upon which said court may proceed to judgment as in other cases.”
The bond taken in the progress of this cause in the circuit court, by the order of the judge, is a bond taken under this act, and must be proceeded upon by the process of scire facias, pursuant to its direction. It certainly cannot be acted upon by the final decree in the cause, in the progress of which depending cause, it was taken by the order of the judge. See the case ex parte P. M. Miller, decided at Sparta, September term, 1831.(a)
Decree affirmed.

 1 Yerger’s Rep. 5.